City Bank Farmers Trust Company (Formerly Known as Farmers Loan and Trust Company), Individually and as Trustee under a Certain Deed of Trust Made by Walker Gill Wylie, Dated the 6th Day of July, 1910, for the Benefit of Sims Gill Wylie and Remaindermen, Respondent, *v.* Barbara Gill Wylie and Louise Woodruff Wylie, Respondents, and The Chase National Bank of the City of New York, as Administrator, etc., of Sims Gill Wylie, Deceased, Appellant, and Others, Defendants.

Judgment so far as appealed from affirmed, with costs. No opinion. Present — Martin, P. J., O'Malley, Untermyer, Dore and Cohn, JJ.; Untermyer, J., dissents in part.

UNTERMYER, J. (dissenting in part). The judgment should be modified by allocating to income 53.3 shares of the stock dividend of 374.4 shares of the Duke Company received by the plaintiff on February 25, 1925. The proper adjustment between principal and income was effected on January 25, 1925, when the proceeds of the plaintiff's rights to subscribe on its 312 shares of stock was credited to principal. The judgment appealed from in this respect gives to the remaindermen not only the proceeds of the rights and their proper share of the stock dividend subsequently declared but also additional shares of the stock dividend, upon the theory that these additional shares would have been received by the plaintiff if it had not sold the rights. Such an allocation ignores the fact that when the plaintiff sold the rights to a purchaser who succeeded to its interest therein, it received an equivalent in cash, correctly added to the corpus of the trust, representing every benefit, then existing or prospective, upon the stock represented by the rights. The situation was the same as if the plaintiff had exercised the right to subscribe to the new shares of stock at $100 per share and had immediately resold the shares at the book value of $102.80. In that event the remaindermen could only have demanded that the sum of $2.80 be added to principal. It is true that the transaction has resulted in reducing the plaintiff's proportionate interest in the capital of the corporation, but this is due to the fact that the other stockholders by their subscription to new stock have made a further cash investment in the corporation in the benefits of which the plaintiff participates without any further investment on its part.

If the respondent's present theory is to be sustained, then it must follow that every stock dividend hereafter declared, no matter how remote in point of time, will require a revision of the present interests of the parties in addition to the proper allocation of that dividend.